EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS C. MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Thomas.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CV. NO. 07-00597 HG-LEK |
| | ) CR. NO. 02-00341-03 HG |
| Plaintiff, | ) |
| | ) ORDER WAIVING DEFENDANT'S |
| vs. | ) ATTORNEY-CLIENT PRIVILEGE WITH |
| | ) RESPECT TO THE INSTANT 2255 |
| ROBERT R. MALDONADO, JR., | ) PROCEEDINGS |
| | ) |
| Defendant. | ) |
| | ) |

ORDER WAIVING DEFENDANT'S ATTORNEY-CLIENT
PRIVILEGE WITH RESPECT TO THE INSTANT 2255 PROCEEDINGS

On December 10, 2007, defendant Robert R. Maldonado, Jr. effected the pro se filing of his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter "2255 petition") in the above-captioned civil case.  In Ground One of his 2255 petition, defendant has asserted the alleged ineffective assistance of appointed defense counsel Rustam A. Barbee at his sentencing and

by appellate counsel Shawn A. Ruiz on direct appeal for failing to address "all Sentencing Guidelines Misapplications."

In Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003), the Ninth Circuit has held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer."  Given defendant's ineffective assistance of counsel claims asserted against defense counsel Rustam A. Barbee and against appellate counsel Shawn A. Ruiz in his 2255 petition, it is hereby ordered that defendant's attorney-client privilege with respect to all of the communications, both verbal and written, with said attorney, as well as the records of said attorney associated therewith (including those held and maintained by Rustam A. Barbee and by Shawn A. Ruiz), are hereby waived for the purposes of the instant case.  Consequently, said attorneys may testify (should an evidentiary hearing become necessary) and otherwise provide information concerning their communications with defendant and other information and evidence from their records to the United States and this Court in this case to resolve the aforesaid allegations in defendant's 2255 petition, and they may do so without regard to the attorney-client privilege.

However, also in accordance with <u>Bittaker v. Woodford</u>, any such testimony and/or other information provided by said attorneys, as well as any records which they may have in connection therewith, shall only be used by the United States Attorney's Office for the District of Hawaii in the instant case and for no other purpose without further order from this Court.

IT IS SO ORDERED.

DATED:  December 13, 2007 at Honolulu, Hawaii.



   **/s/ Helen Gillmor**

Chief United States District Judge

<u>U.S.A. v. Maldonado</u>, USDC-Hawaii
Cv. No. 07-00597 HG-LEK
Cr. No. 02-00341-03 HG
"Order Waiving Defendant's Attorney-Client Privilege
with Respect to the Instant 2255 Proceedings"