November 1, 2003   APPENDIX C - VOLUME I   **Amendment 484**

Section 2B3.1 is amended by inserting the following additional subsection:

"(c)   Cross Reference

(1)   If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply §2A1.1 (First Degree Murder).".

The Commentary to §2B3.1 captioned "Statutory Provisions" is amended by inserting ", 2119" immediately following "2118(a)".

The Commentary to §2B3.1 captioned "Application Notes" is amended in Note 1 by inserting the following additional paragraph at the end:

"'Carjacking' means the taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation.".

The Commentary to §2B3.1 captioned "Application Notes" is amended by deleting Note 6 as follows:

"6.   If the defendant was convicted under 18 U.S.C. § 2113(e) and in committing the offense or attempting to flee or escape, a participant killed any person, apply §2A1.1 (First Degree Murder). Otherwise, if death results, see Chapter Five, Part K (Departures).";

and by renumbering Note 7 as Note 6.

**Reason for Amendment:** This amendment adds a specific offense characteristic for carjacking to §2B3.1, references 18 U.S.C. § 2119 (carjacking offenses) to this guideline, and adds a cross reference to this guideline to address the circumstance in which a victim is murdered during the offense.

**Effective Date: The effective date of this amendment is November 1, 1993.**

484. **Amendment:** The Commentary to §2D1.1 captioned "Application Notes" is amended in Note 1 by deleting "21 U.S.C. § 841." and inserting in lieu thereof:

"21 U.S.C. § 841, except as expressly provided. Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted.

An upward departure nonetheless may be warranted when the mixture or substance counted in the Drug Quantity Table is combined with other, non-countable material in

EXHIBIT 8

an unusually sophisticated manner in order to avoid detection.".

**Reason for Amendment:** This amendment addresses an inter-circuit conflict regarding the meaning of the term "mixture or substance," as used in §2D1.1 by expressly providing that this term does not include portions of a drug mixture that have to be separated from the controlled substance before the controlled substance can be used. This issue has arisen, subsequent to the United States Supreme Court decision in Chapman v. United States, 111 S. Ct. 1919 (1991), in two types of cases. The first type of case involves a controlled substance bonded to, or suspended in, another substance (e.g., cocaine mixed with beeswax); however, the controlled substance is not usable until it is separated from the other substance. See, e.g., United States v. Mahecha-Onofre, 936 F.2d 623 (1st Cir.), cert. denied, 112 S. Ct. 648 (1991); United States v. Restrepo-Contreras, 942 F.2d 96 (1st Cir. 1991), cert. denied, 112 S. Ct. 955 (1992). The second type of case involves the waste produced from an illicit laboratory used to manufacture a controlled substance or chemicals confiscated before the chemical processing of the controlled substance is completed. The waste product is typically water or chemicals used to either remove impurities or form a precipitate (the precipitate, in some cases, being the controlled substance). Typically, a small amount of controlled substance remains in the waste water; often this amount is too small to quantify and is listed as a trace amount (no weight given) in DEA reports. In these types of cases, the waste product is not consumable. The chemicals seized before the end of processing are also not usable in that form because further processing must take place before they can be used. See, e.g., United States v. Sherrod, 964 F.2d 1501 (5th Cir.), cert. denied sub nom. Cooper v. United States, 113 S. Ct. 832 (1992) (White and Blackmun, JJ., dissenting from denial of cert.), and cert. denied sub nom. United States v. Sewell, 113 S. Ct. 1367 (1993) (White and Blackmun, JJ., opinion dissenting from denial of cert.).

**Effective Date:** The effective date of this amendment is November 1, 1993.

485. **Amendment:** The Commentary to §2D1.1 captioned "Application Notes" is amended by inserting the following additional note:

> "16. Where (A) the amount of the controlled substance for which the defendant is accountable under §1B1.3 (Relevant Conduct) results in a base offense level greater than 36, (B) the court finds that this offense level overrepresents the defendant's culpability in the criminal activity, and (C) the defendant qualifies for a mitigating role adjustment under §3B1.2 (Mitigating Role), a downward departure may be warranted. The court may depart to a sentence no lower than the guideline range that would have resulted if the defendant's Chapter Two offense level had been offense level 36. Provided, that a defendant is not eligible for a downward departure under this provision if the defendant:
>
> (a) has one or more prior felony convictions for a crime of violence or a controlled substance offense as defined in §4B1.2 (Definitions of Terms Used in Section 4B1.1);
>
> (b) qualifies for an adjustment under §3B1.3 (Abuse of Position of Trust or Use of Special Skill);
>
> (c) possessed or induced another participant to use or possess a firearm in the