IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT R. MALDONADO, JR., | ) | Civ. No. 07-00597 HG-LEK |
| | ) | |
| | ) | Crim. No. 02-00341 HG-03 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**
**AND**
**DENYING MALDONADO'S EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL**
**AND**
**DENYING MALDONADO'S EMERGENCY MOTION TO RECEIVE GOVERNMENT'S RESPONSE DATED 2/08/08**
**AND**
**DENYING MALDONADO A CERTIFICATE OF APPEALABILITY**

Movant Robert R. Maldonado, Jr. ("Maldonado") has filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

Maldonado's Section 2255 Motion claims ineffective assistance of counsel, denial of due process, and improper application of the sentencing guidelines. The grounds set forth in Maldonado's Section 2255 Motion are based on facts admitted by Maldonado in connection with his Plea Agreement, guilty plea and pre-sentence report, and are time-barred, waived, foreclosed by the Plea Agreement, and otherwise lack merit. For the reasons

1

set forth below, Maldonado's Section 2255 Motion, the case file, and the record in this case conclusively show that Maldonado is entitled to no relief and his Section 2255 Motion is DENIED.

## STANDARD OF REVIEW

28 U.S.C. § 2255 ("Section 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence.  See 28 U.S.C. § 2255.

Under Section 2255, a court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's Section 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States

2

<u>v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir. 1980), <u>cert. denied</u>, 451 U.S. 938 (1981)).

## PROCEDURAL HISTORY

On December 10, 2007, Movant Robert R. Maldonado, Jr. ("Maldonado") filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 278), and on January 10, 2008, Maldonado filed an Amended Section 2255 Motion (Doc. 287, "Section 2255 Motion").

On December 13, 2007, the Court entered an Order Waiving Defendant's Attorney-Client Privilege With Respect to the Instant 2255 Proceedings. (Doc. 284.)

On December 31, 2007, the Government moved for an extension of time to file a response which the Court granted on January 7, 2008. (Doc. 286.)

On February 8, 2008, the Government filed a Response to Maldonado's Section 2255 Motion, seeking denial of Maldonado's Section 2255 Motion on all grounds. ("Response", Doc. 288.)

On March 17, 2008, Maldonado filed an Emergency Motion for Appointment of Counsel (Doc. 290.)

On March 17, 2008, Maldonado also filed an Emergency Motion to Receive Government's Response Dated 2/08/08 (Doc. 291.)

## BACKGROUND

The Government's Response correctly sets forth the background facts which the Court summarizes here.

3

### *First Superceding Indictment*

On March 19, 2003, the grand jury returned a First Superceding Indictment charging Maldonado and others with:

- one count of conspiring to distribute more than 50 grams of methamphetamine and more than 500 grams of cocaine (Count 1);

- one count of possessing more than 50 grams of methamphetamine with intent to distribute (Count 3); and

- one count of possessing more than 500 grams of cocaine with intent to distribute (Count 4).

Resp. at Exh. 1 (First Superceding Indictment, dated March 19, 2003).)

### *Plea Agreement and Guilty Plea*

On May 7, 2004, pursuant to a plea agreement, Maldonado pled guilty to Count 1 of the First Superceding Indictment in return for dismissal of Counts 3 and 4 at sentencing. (Resp. at Exh. 2 (Memorandum of Plea Agreement, dated May 7, 2004.) As part of the plea agreement, Maldonado admitted certain facts and waived his right to appeal "any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or any ground whatever, in exchange for the concessions made by the prosecution of this plea agreement." (Plea Agreement at ¶

4

11.)  Maldonado also expressly waived "his right to challenge his
sentence or the manner in which it was determined in any
collateral attack, including, but not limited to, a motion
brought under Title 28, United States Code, Section 2255", with
two exceptions: (1) if the Court in imposing a sentence departed
upward from the guidelines range determined by the Court to be
applicable, Maldonado could appeal the upward departure portion
of his sentence; or (2) based on a claim of ineffective
assistance of counsel.  (Id.)  Experienced counsel represented
Maldonado in the plea negotiations and at the plea hearing.

### *Sentencing*

On August 26, 2004, the United States filed a motion for
downward departure under Section 5k1.1 of the United States
Sentencing Guidelines for substantial assistance to authorities.
On September 16, 2004, Maldonado appeared for sentencing.  The
Court granted the United States' motion for downward departure
for substantial assistance.  The Court sentenced Maldonado to 200
months imprisonment and a five year term of supervised release.
(Resp. at Exh. 3, Judgment in Criminal Case.)

The Court entered Judgment on September 27, 2004.  Maldonado
timely filed a notice of appeal on October 5, 2004.

### *Maldonado's Appeal to the Ninth Circuit Court of Appeals*

On January 24, 2005, Maldonado filed his opening brief with
the United States Court of Appeals for the Ninth Circuit.

Maldonado claimed he had received ineffective assistance of counsel because his trail attorney had "allowed his rights to be waived for purposes of appeal which meant that the sentencing judge had free reign (sic) to sentence." Maldonado also claimed in his appeal that "the District Court abused its discretion in sentencing co-defendants to a fraction of that with significant more culpability in the first superseding indictment."

On January 13, 2006, in an unpublished memorandum decision, the Court of Appeals for the Ninth Circuit declined to review defendant's claim of ineffective assistance of counsel and dismissed his other claim in light of the valid appeal waiver. See United States v. Maldonado, No. 04-10559 Memorandum (Jan. 9, 2006). Maldonado filed a petition for certiorari to the United States Supreme Court on April 17, 2006. The Court denied certiorari on May 15, 2006.

## ANALYSIS

### A. Maldonado's Amended Section 2255 Motion

Maldonado states four grounds in his Amended Section 2255 Motion:

(1) Ground One: Maldonado was denied effective counsel at trial, sentencing, and on direct appeal.

(2) Ground Two: Maldonado was denied due process when the court accepted his guilty plea under Federal Rule Criminal Procedure 11(f) because, inter alia, the Court

6

departed upward in imposing Maldonado's sentence "based on a different statute and its elements or facts not alleged in the indictment, after the guilty plea was accepted by all parties. . . also used prior exempt convictions [not pled too] to enhance this sentence.

(3)   <u>Ground Three</u>: Maldonado's sentence should be corrected using Amendment #484 to the United States Sentencing Guidelines.

(4)   <u>Ground Four</u>: Ground Four is a request for a court appointed attorney and for all records to enable Maldonado to present all claims.

None of the grounds stated in Maldonado's Section 2255 Motion has any merit.

B.   **Maldonado's Section 2255 Motion is Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one year period of limitation for section 2255 motions.  The one year limitation period begins to run on the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(1).  Maldonado's conviction became final on May 15, 2006, the date the United State's Supreme Court denied the writ of certiorari.  <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 529, 123 (2003) ("courts of appeals 'have uniformly concluded that, if a prisoner petitions for certiorari, the contested conviction becomes final when the Supreme Court either denies the writ or

7

issues a decision on the merits,'") (citation omitted).

Maldonado has not stated any reason why the limitations period should be tolled.  See Calderon v. United States District Court (Beeler), 112 F.2d 386 (9th Cir. 1997) (one-year limitations period under Section 2255 is subject to equitable tolling).[1]  Maldonado's Section 2255 Motion, filed December 10, 2007, is untimely.

## C. Maldonado's Ineffective Assistance of Counsel Claim (Ground One) is Without Merit

Maldonado's ineffective assistance of counsel claim is based on his vague assertion that his counsel failed to address "all Sentencing Guideline misapplications" on direct appeal.  To succeed on an ineffective assistance of counsel claim, a movant must demonstrate both that his counsel's performance was deficient and that he was prejudiced as a result.  See Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Maldonado must also overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id. at 690.

---

[1] To be entitled to equitable tolling, a movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (citation omitted).  Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry", Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), and the movant "bears the burden of showing that equitable tolling is appropriate."  Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

Maldonado has not shown ineffective assistance of counsel. Maldonado has not identified the "Sentencing Guideline Misapplications" that he alleges his counsel failed to raise on direct appeal. Maldonado also waived his right to challenge his sentence as part of his plea agreement.  At the May 7, 2004 change of plea hearing, the Court read the charge to Maldonado and Maldonado acknowledged that he understood it.  (Resp. at Exh. 6, Transcript of Hearing, May 7, 2004 on Motion to Withdraw not Guilty Plea and Plead Anew).  Maldonado also acknowledged that he understood he was facing a mandatory minimum 10 year term of imprisonment, and that he understood he could receive a sentence of up to life imprisonment.  (Id. at 13.)  Maldonado told the Court that he had read the plea agreement, agreed with its terms and had discussed the agreement with his counsel.  (Id. at 18.) The agreed upon terms included Maldonado's waiver of his right to challenge his sentence except as to an upward departure.  Such a waiver is valid when knowingly and voluntarily entered into. See, e.g., United States v. Nguyen, 235 F.3d 896, 900 (9th Cir. 2000). Maldonado knowingly and voluntarily agreed to waive having the question of drug type and drug quantity presented to a jury. (May 7, 2004 hearing transcript at 6, 16, 17-18, 26.)  At the sentencing hearing, the Court did not depart upward. To the contrary, the Court granted the government's motion for a downward departure.

For these reasons, Ground One is without merit.

**D.    Maldonado's Claim of Denial of Due Process (Ground Two) is Without Merit**

Maldonado claims that he was denied due process: when "the drug amount pled too (sic) by defendant unconstitutionally was illegally enhanced under 21 U.S.C. § 841(b)(1)(A)(viii) after the court accepted Maldonado's guilty plea"; when "the Court allowed the presentence report to upward depart defendant's sentence . . . by using prior convictions not pled too [sic]"; and because he was not put on notice of the actual sentence he would receive. None of these arguments has any merit.

Maldonado accepted the evidence as to the amount of drugs and, as part of the plea agreement, waived his right to challenge his sentence except if the Court departed upward from the applicable guideline range (or based on a claim of ineffective assistance of counsel).  The Court departed *downward*, not upward, from the sentencing guideline range.

During the plea colloquy, Maldonado acknowledged that he had received and read the First Superseding Indictment and had reviewed it with counsel.  (May 7, 2004 hearing transcript at 11.) The presentence report detailed the amount of methamphetamine and cocaine that the Honolulu police discovered in the hotel room that Maldonado shared with a co-defendant. (Presentence Report ("PSR") at 24, 27-28.)  During the change of plea hearing, Maldonado told the Court that he agreed with the

10

Drug Enforcement Administration ("DEA") lab report and gave up his right to have the amount of drugs determined by a jury. (May 7, 2004 hearing transcript at 25-26.)

During the sentencing hearing, Maldonado did not challenge the computation of the amount of methamphetamine, the base offense level, or the indictment. Moreover, Maldonado, after consulting with his counsel advised the Court that he waived any issues under Blakely v. Washington, 542 U.S. 296 (2004). During the sentencing hearing, Maldonado, the Court, and Maldonado's counsel engaged in the following colloquy:

> [Defense counsel]: Your Honor, I have talked to Mr. Maldonado about his options in this matter, and he's informed me that he wishes to proceed. . . .
>
> The Court: Okay. Mr. Maldonado, you've heard what Mr. Barbee has said to the court. Are you sure about this? You don't want to continue on raising the issue of minor role?
>
> The Defendant: No, ma`am, I just want to get done with this, please.
>
> The Court: Okay. Do you understand that that is an issue that you could – well, I don't know, what's his plea agreement say? Is that an appealable issue?
>
> [Defense Counsel]: Your Honor, as far as the plea agreement, I think he's waived his rights to appeal except for upward departure and ineffective assistance.
>
> The Court: Okay, but this is actually a waiver that would be a waiver in addition to what you've already done should there be a Supreme Court decision that says that – and I can't quite envision how it would work at this point, but the issue would be whether or not your would have another bite at the apple over this issue. And if you say now that you want to go forward, you are waiving that "bite of the apple" for this issue. This is going

11

to be the final decision.  You are not going to have the ability to come back later and say, should have had –

The Defendant: Ma`am, I just want to take my responsibility and get on with this.  I understand fully what you are stating, that later on down the road, maybe I could have had something better, or whatever, but I just want to handle this right now today and get that over with, please.

        *    *    *

The Court: Thank you.  Okay, I am going to treat this colloquy as an indication that you don't want to reserve any rights under any possible Blakely issues or any of the cases that have come in the Ninth Circuit, or otherwise after Blakely, and that you want to go forward with sentencing today, and accept the presentence report as it is written.

The Defendant: Yes, ma`am.

(Transcript of September 16, 2004 Sentencing Hearing, at 3-5 (sealed).)

Finally, Maldonado had no right to be put on notice of what his actual sentence would be.  To the contrary, during the change of plea hearing, Maldonado acknowledged that the Court had not yet determined the applicable guideline range and that he understood the Court could impose a more severe sentence.  (May 7, 2004 hearing transcript at 9-10.)  Maldonado further acknowledged that no one had made any promises to him about what his actual sentence would be.  (<u>Id.</u> at 19.)  The sentence imposed was within the guideline range and was less than the maximum possible sentence which Maldonado acknowledged he could receive.

For these reasons, there is no evidence to support

Maldonado's due process claim and Ground Two is without merit.

**E.  Maldonado's Claim That His Sentence Should Be Corrected Using Amendment #484 to the United States Sentencing Guidelines (Ground Three) Is Without Merit**

Maldonado claims that the Court did not follow United States Sentencing Guideline Amendment #484 in determining his sentence. Amendment #484 amended the Commentary to §2D1.1 of the United States Sentencing Guidelines.  The purpose of Amendment #484 was to clarify that the "[m]ixture or substance does not include materials that must be separated from the controlled substance." (Gov. Resp. at Exh. 8.)

The calculation of the base level offense did involve the computation of actual methamphetamine, that is the weight of the controlled substance itself, not the mixture or substance containing the methamphetamine.  (PSR at ¶¶40-41.)

Moreover, as noted above, Maldonado agreed with the drug analysis performed by the DEA laboratory and Maldonado waived his ability to collaterally attack his sentence since the Court did not depart above the guideline range.

For these reasons, Ground Three is without merit.

**F.  Disposition of Maldonado's Section 2255 Motion is Suitable Without a Hearing**

The Court further finds that Maldonado's Section 2255 Motion is suitable for disposition without a hearing.  The law is clear that Maldonado is not entitled to habeas relief on the claims contained in his Motion.  Maldonado's Motion, the United States'

13

response, the case file, and records of the case conclusively

show that Maldonado is not entitled to habeas relief on the

grounds he alleges.  See 28 U.S.C. § 2255.  The Court will not

hold an evidentiary hearing on Maldonado's Section 2255 Motion.

See Shah, 878 F.2d at 1158; Schaflander, 743 F.2d at 717.

### Request for Appointment of Counsel

Ground Four of Maldonado's Section 2255 Motion requests

appointment of counsel and Maldonado has also filed a separate

motion requesting appointment of counsel.  Maldonado requests the

appointment of counsel because he contends that he has not have

access to the presentence investigation report or other relevant

documents.

With a few exceptions, the appointment of counsel in a

Section 2255 case is within the court's discretion.  See, e.g.,

Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam)

(in habeas corpus proceedings, district court has discretion to

appoint counsel depending on petitioner's ability to articulate

his claim, complexity of legal issues, and likelihood of success

on merits).  The court should determine whether or not to appoint

counsel in light of the complexity of the legal issues involved,

and the likelihood of success on the merits.  Id.  When a

petitioner in a habeas corpus proceedings has a good

understanding of the issues and the ability to present forcefully

and coherently his contentions then no attorney is legally

14

required.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.
1987).  Maldonado's motion does not present complex or
exceptional circumstances, Maldonado has no likelihood of success
on the merit, and an evidentiary hearing is not required.  The
Court finds that there is no need to appoint counsel in this
case.  Moreover, Maldonado has not filed an in forma pauperis
application and, as discussed herein, Maldonado's Section 2255
Motion fails to state a claim for which relief can be granted.
See 28 U.S.C. § 1915(e)(2)(B)(ii).

## Certificate of Appealability

### A.    Standard

Under 28 U.S.C. § 2253(c), a movant must make a "substantial
showing of the denial of a constitutional right" in order to
obtain a certificate of appealability when the district court has
denied a habeas claim on the merits.  Slack v. McDaniel, 529 U.S.
473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th
Cir. 1999).  To satisfy this standard, the movant "must
demonstrate that reasonable jurists would find the district
court's assessment of the constitutional claims debatable or
wrong."  Slack, 529 U.S. at 484.

When a petition is denied based on procedural grounds
without reaching the merits of the claim, a certificate of
appealability shall be issued if petitioner makes two showings.
See Slack, 529 U.S. at 484-85.  First, a petitioner must show

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484.

Second, a petitioner must show reasonable jurists would find "it debatable whether the district court was correct in its procedural ruling." Id. Both showings are required before a Certificate of Appealability will be issued. See Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000). The two components are each part of a threshold inquiry. Slack, 529 U.S. at 485. "[A] court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id.

**B.  Application**

Maldonado does not satisfy the standard for a certificate of appealability for a denial on the merits or on procedural grounds. Maldonado's Section 2255 Motion is time barred. Maldonado has not made any showing of a denial of a constitutional right. Rather, Maldonado brings unsupported claims of ineffective assistance of counsel and attempts to challenge his sentence in contravention of his plea agreement. Reasonable jurists could not debate the Court's conclusion that Maldonado has failed to state a valid claim of the denial of a constitutional right. Nor would reasonable jurists find it

16

debatable that the grounds set forth in Maldonado's Section 2255

Motion are time-barred, waived, and foreclosed by the plea

agreement.

Maldonado has not made the required showing for a

certificate of appealability.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

17

## CONCLUSION

(1)   Maldonado's Motion to Vacate, Set Aside, or Correct
      Sentence by a Person in Federal Custody Pursuant to 28
      U.S.C. § 2255 is **DENIED**;

(2)   Maldonado's Emergency Motion for Appointment of Counsel
      (Doc. 290) is **DENIED**;

(3)   Maldonado's Emergency Motion to Receive Government's
      Response Dated 2/08/08 (Doc. 291) is **DENIED AS MOOT**;

(4)   Maldonado is not entitled to a certificate of
      appealability on any of the grounds in his Section 2255
      Motion; and

(5)   this case is now **CLOSED**.

IT IS SO ORDERED.
Dated: March 28, 2008.



   **/s/ Helen Gillmor**
   Chief United States District Judge

Robert R. Maldonado, Jr., vs. United States of America**, Civ. No.
07-00597 HG-LEK and Crim. No. 02-00341 HG-03; ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND DENYING
MALDONADO'S EMERGENCY MOTION FOR APPOINTMENT OF COUNSEL AND
DENYING MALDONADO'S EMERGENCY MOTION TO RECEIVE GOVERNMENT'S
RESPONSE DATED 2/08/08 AND DENYING MALDONADO A CERTIFICATE OF
APPEALABILITY**